UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MICHAEL TAYLOR, as Next Friend      :
     of DENNIS WHITE,               :
                                    :
          Petitioner,               :   Civ. No. 13-6738 (NLH)
                                    :
     v.                             :   OPINION
                                    :
KENNETH NELSON,                     :
                                    :
          Respondent.               :
_____ :

APPEARANCES:

Michael Taylor, #611670
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302
     As Next Friend of Dennis White, Petitioner, pro se.

HILLMAN, District Judge

Michael Taylor filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on behalf of Petitioner Dennis White, an inmate allegedly confined at South Woods State Prison in Bridgeton, New Jersey. For the reasons set forth below, the Court dismisses the Petition for lack of jurisdiction.

I.   BACKGROUND

Michael Taylor, who is an inmate at South Woods State Prison, filed a Petition under 28 U.S.C. § 2254 on behalf of another inmate, Dennis White. The Petition names Kenneth Nelsen as Respondent, whom Mr. Taylor asserts is the Administrator of

1

the South Woods State Prison where Petitioner is confined.  Mr. Taylor alleges that the New Jersey State Parole Board did not timely adjudicate Petitioner's appeal of his parole decision and he asserts a due process violation under the Fifth and Fourteenth Amendments.  Mr. Taylor asks that Petitioner be released from custody.

Eight months after the filing of this Petition, Mr. Taylor filed a Notice of Appeal with the Third Circuit. (ECF No. 2). However, this Court had not yet rendered a decision in this case so the basis of the appeal is unclear.  Regardless, the Third Circuit dismissed the case, App. No. 14-3343, pursuant to FED. R. APP. P. 3(a) and 3rd Cir. LAR 3.3 and Misc. 107.1(a) for failure to timely prosecute and pay the requisite fee as directed. (ECF No. 4).

## II.   DISCUSSION

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."

McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4.

"It is well established, however, that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." Whitmore v. Arkansas, 495 U.S. 149, 154 (1990).  "Where standing is lacking, the federal courts lack the power to grant habeas relief." Zettlemoyer v. Horn, 53 F.3d 24, 26 (3d Cir.1995).  This is because Article III of the United States Constitution limits the jurisdiction of federal courts to "cases and controversies." U.S. Const. art. III, § 2.

A litigant must set forth facts in the complaint or petition which demonstrate standing under Art. III. Whitmore, 495 U.S. at 155.  To establish standing under Art. III, a person must allege facts showing that he or she has suffered an "injury in fact," which is concrete as opposed to abstract, and actual or imminent as opposed to conjectural or hypothetical. Id. "Further, the litigant must satisfy the causation and redressability prongs of the Art. III minima by showing that the

3

injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." Id. (citations and internal quotation marks omitted). As the Court emphasized in Singleton v. Wulff, 428 U.S. 106, 113-14 (1976),

> Federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation. The reasons are two. First, the courts should not adjudicate such rights unnecessarily, and it may be that in fact the holders of those rights either do not wish to assert them, or will be able to enjoy them regardless of whether the in-court litigant is successful or not. See Ashwander v. TVA, 297 U.S. 288, 345-348, 56 S.Ct. 466, 482-83, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) (offering the standing requirement as one means by which courts avoid unnecessary constitutional adjudications). Second, third parties themselves usually will be the best proponents of their own rights.

Michael Taylor filed this action on behalf of Dennis White. However, Mr. Taylor does provide any facts in his submission which suggests that he has standing in his own right to file a petition on behalf of another inmate. Moreover, "an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." Id. at 160 (quoting Allen v. Wright, 468 U.S. 737, 754 (1984)).

However, in 1948, Congress amended the habeas corpus statutes to allow a "next friend" or person "acting in behalf" of a prisoner to file a petition for a writ of habeas corpus

4

under 28 U.S.C. § 2241.  See 28 U.S.C. § 2242; 1 RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 8.3 (4th ed. 2001).  Section 2242 provides in relevant part:

> Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

28 U.S.C. § 2242.

"A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." Whitmore, 495 U.S. at 163. However, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Id. at 163.  "[O]ne necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." Whitmore, 495 U.S. at 165.[1]

The burden is on the "next friend" to "establish the propriety of his status and thereby justify the jurisdiction of

---

[1] It has also been suggested that the "next friend" must be "truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate" and that she "must have some significant relationship with the real party in interest." Whitmore, 495 U.S. at 163-164.

5

the court." Id. at 164.  The litigant must clearly and specifically set forth facts sufficient to satisfy the Art. III standing requirements because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." Id. at 155-156.  Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) (cited with approval in Whitmore, 495 U.S. at 163).

    Here, the one page Petition filed by Michael Taylor does not show that he has standing to proceed as next friend of Dennis White.  Mr. Taylor does not clearly and specifically set forth facts sufficient to satisfy the Article III standing requirements, see Whitmore, 495 U.S. at 155; nor does he establish that Dennis White "is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." Id. at 165.

    Accordingly, the Court lacks jurisdiction to entertain the application of Michael Taylor as next friend of Dennis White and will dismiss the Petition without prejudice for lack of jurisdiction. See e.g., DiPietro v. Senula, No. 12-0189, 2012 WL 136812, at *2 (D.N.J. Jan. 18, 2012) (dismissing petition filed

6

by third party for failure to show standing to proceed as next friend); Barlow v. Farber, No. 06-0822, 2006 WL 842422, at *3 (D.N.J. Mar. 29, 2006) (same).

Dennis White is free to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 himself; or Michael Taylor may file another petition in his behalf which establishes, among other things, that Dennis White is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability.

### III. CONCLUSION

For the reasons set forth above, the Petition is dismissed for lack of jurisdiction.

An appropriate Order follows.

```
                              __s/ Noel L. Hillman_____
                              NOEL L. HILLMAN
                              United States District Judge
```

Dated:

At Camden, New Jersey